RACHEL MULLINS v. HARTFORD LIFE INSURANCE COMPANY.

Decided May 25, 1901.

Life Insurance—Payment of Premium—Agency—Notice.

The insured arranged in due time with a mercantile firm to pay a premium due on his life insurance policy, but as the firm did not forward the check therefor until after the date when the payment was due, the insurance company, on receipt of the check, notified the firm that the policy had lapsed and it could not accept the premium unless the insured would furnish a health certificate, inclosing blank form thereof. The firm thereupon demanded back the check, which was returned to it, and the insured died some months later without knowing that the premium had not been paid. Held, that the insurance company was warranted in returning the check to the firm, instead of to the insured, and that notice to the firm of the requirement of a health certificate was notice to the insured.

Appeal from Hunt.   Tried below before Hon. L. A. Clark.

*Evans & Elder* and *George O. Green,* for appellant.

*Edward Gray,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—This suit was brought by the appellant, Rachel Mullins, on a policy of life insurance for $1000, issued by the appellee, the Hartford Life Insurance Company, on January 18, 1898, on the life of her husband, N. C. Mullins.   The defense was the failure to pay the second annual premium which fell due on January 18, 1899.   The defense was sustained by the trial court, and Mrs. Mullins has appealed.

On December 10, 1898, appellee mailed to Mullins the customary notice to the effect that the premium would become due on the 18th day

of January following, which notice was duly received. Mullins did not have the money to pay the premium. He was a tenant of the Crawford-Norris Company, a mercantile concern doing business at Commerce, Texas, and before the said 18th day of January arranged with the said company to pay the premium for him. He secured the company by chattel mortgage for the money to be advanced. The said company did nothing until on February 15, 1899, when it mailed a check to appellee for $41.06, the amount of the premium. The check was received by appellee on February 21st, and on the next day it wrote to the said company acknowledging receipt of the check, and stating that as the policy had lapsed because of nonpayment of the premium within the time allowed by the policy, it could not accept the premium unless Mullins presented a health certificate, a blank form of which was inclosed. Upon receipt of this letter the Crawford-Norris Company at once wrote appellee demanding the return of the check. Appellee immediately forwarded the check to its Texas agents at Dallas, who at once sent the same to the Crawford-Norris Company. Appellee took no further action in the premises, nor did the Crawford-Norris Company. Mullins died in November following, without knowing that the premium had not been paid.

The contention of appellant is that the Crawford-Norris Company was the special agent of Mullins, charged with no duty except to forward the premium to appellee; that when it performed that duty the agency was terminated; that when appellee received the check it became its duty to notify Mullins himself whether the check would be applied to the payment of the premium, and the conditions upon which it would be so applied.

When the premium was received by appellee the policy had lapsed, and could only be reinstated by affirmative action taken by Mullins, and upon such conditions as might be demanded by appellee under the provisions of the policy. It is not contended that appellee was bound to accept the premium, or that it had not the right to demand the health certificate required. However, it could not retain and appropriate the check sent by the Crawford-Norris Company and deny liability on the policy. As appellee did not retain and appropriate the check, the question is, whether it was justified in returning the same to the Crawford-Norris Company, instead of sending it directly to Mullins. We are of opinion that, so song as the check remained unaccepted and unapplied by appellee, the Crawford-Norris Company had the right to control it, and that appellee was warranted in returning the same to the company in compliance with its demand. Appellee had no notice of any facts which would have imposed any other duty upon it. Whatever may have been the terms of the Crawford-Norris Company's employment, it was clearly the duty of appellee to acknowledge receipt to the company of the check, and Mullins must be held to have had notice of the contents of such receipt. He therefore knew that the check was not unconditionally received, and that a health certificate

was required as a prerequisite to the reinstatement of the policy. None having been furnished, and the check having been returned, the policy was void.

The judgment is affirmed.

*Affirmed.*