## DAVIS v. FIRST NAT. BANK OF EL PASO. (No. 1407.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1923.)

**1. Courts ⬤169(2), 170—Value of mortgaged property part of amount involved in action on debt must be alleged, where court has limited jurisdiction.**

In an action on a debt secured by a mortgage, the amount involved, as relates to the jurisdiction of the county court, is the value of the property covered by the mortgage, as well as the debt itself, and such value must be pleaded where the court has limited jurisdiction and foreclosure is sought.

**2. Appeal and error ⬤185(2)—Failure to allege value of mortgaged property fundamental error requiring reversal.**

Failure to allege the value of property mortgaged to secure a debt, and upon which the foreclosure is sought, is fundamental error apparent of record requiring reversal, whether or not there was an exception or other objection to the petition on that ground.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by the First National Bank of El Paso against P. L. Fison, R. F. Davis, and another. From judgment for plaintiff, the second named defendant appeals. Reversed and remanded, with instructions.

Isaacks & Lattner, of El Paso, for appellant.

J. A. Gillett, of El Paso, for appellee.

WALTHALL, J. The First National Bank of El Paso brought this suit against P. L. Fison to recover on a promissory note in the sum of $335, and attorney's fees provided for in the note, and to foreclose a mortgage lien on an automobile and certain other personal property therein described, given by Fison to secure said note, and joined Robert F. Davis and Ray C. Hughes in the suit as claiming some interest in the personal property other than the automobile.

Davis alone answered in the suit, and in his cross-action, by reason of the facts pleaded, claimed a landlord's lien on the property described in the petition, superior to the bank's lien, except as to the automobile.

### Opinion.

An inspection of the entire record fails to disclose the value of the personal property upon which appellant and appellee assert their respective liens. There is no reference directly or indirectly in any of the pleadings of either party, or facts found, or the judgment, in any way indicating the value of the property, by the piece or in the aggregate. The record does not contain the statement of facts.

[1] The county court at law is a court of limited jurisdiction, and the jurisdiction is fixed by the amount in controversy. It was established by the Supreme Court of this state in Marshal v. Taylor, 7 Tex. 235, and since followed by all of the courts, that the matter in controversy is not only the debt, but the value of the property covered by the mortgage given to secure its payment, and that the foreclosure proceedings comprehend as well the subject-matter of the mortgage as the debt. All of the Courts of Civil Appeals, except one, hold that in the county court, because of its limited jurisdiction, it is necessary to allege the value of the property upon which foreclosure is sought. People's Ice Co. v. Phariss et al. (Tex. Civ. App.) 203 S. W. 66; Nichols v. Ellis, 246 S. W. 713, recently decided by this court and not yet [officially] published.

[2] A failure to allege the value of the property mortgaged to secure the debt, and upon which the foreclosure is sought, is fundamental error apparent of record requiring reversal, whether or not there was an exception, plea or other objection to the petition on that ground in the court below. Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; Bates v. Hill (Tex. Civ. App.)

144 S. W. 289. See, also, People's Ice Co. v. Phariss et al., supra, in which Mr. Chief Justice Huff so holds, citing many cases.

Since, for reason stated, the county court at law was without jurisdiction, the merits of this appeal are not properly before us for consideration. The case is therefore remanded to the county court at law, with instructions to dismiss the appellee's suit and the appellant's cross-action, unless the proper jurisdictional facts shall be made to appear to bring the case within the jurisdiction of that court.

Remanded, with instructions.