We quote from Ex parte Townsley, 87 Tex. Cr. R. 252, 220 S. W. 1092, as laying down the correct rule and containing the citation of all the authorities we think necessary to refer to:

"The evidence does not satisfy our mind that there is 'proof evident' of a capital crime, to the degree that in the due administration of the law a jury would probably inflict the death penalty. The rule of law controlling has been stated in varying language, but there is a substantial agreement that 'if the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is a guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right.' Ex parte Smith, 23 Tex. Cr. App. 100. Unless the evidence is of such character, bail is a matter of right. Russell v. State, 71 Tex. Crim. Rep. 377, 160 S. W. Rep. 76; Ex parte Stevenson, 71 Tex. Cr. Rep. 380, 160 S. W. Rep. 77."

It is apparent from the record that the case has not been fully developed, but to our minds the evidence before us does not present a case which authorizes the denial of bail.

The judgment to that effect is therefore reversed, and the relator ordered discharged upon furnishing satisfactory bail in the sum of $10,000.

---

**BUTTS et al. v. HUDGINS.  (No. 1513.)**

(Court of Civil Appeals of Texas. El Paso. Nov. 15, 1923.)

1. **Courts ⬅170—Value of mortgaged property to secure payment of note sued on must be alleged in county court.**

In action in the county court on a note secured by chattel mortgage of which foreclosure is sought, the matter in controversy being not only the debt but the value of mortgaged property, such value must be pleaded as the county court has limited jurisdiction fixed by the amount in controversy.

2. **Appeal and error ⬅185(2)—Failure to allege value of mortgaged property fundamental error.**

In suit in county court on a note secured by a chattel mortgage, a failure to allege the value of the mortgaged property on which foreclosure was sought is fundamental error apparent of record whether there was exception, plea, or objection to the petition on that ground in the court below.

Error from Martin County Court; A. G. Odom, Judge.

Action by A. F. Hudgins against J. P. Butts and another. Judgment for plaintiff, and defendants bring error. Remanded, with instructions.

Clyde E. Thomas, of Big Spring, for plaintiffs in error.

O. W. Fannin, of Midland, for defendant in error.

WALTHALL, J. A. F. Hudgins, defendant in error, brought this suit in the county court of Martin county against J. L. Vaughan and J. P. Butts, to recover on a promissory note in the sum of $240, principal, interest, and attorney fees, and to foreclose a chattel mortgage on certain personal property therein described, given by plaintiff in error to secure the payment of said note. Judgment by default was rendered in favor of defendant in error and against plaintiffs in error for the amount of the note, interest, and attorney fees, and a foreclosure of the chattel mortgage decreed. Plaintiffs in error prosecute this appeal on grounds we need not state, as the case must be disposed of on other grounds.

[1] An inspection of the entire record fails to disclose the value of the personal property upon which defendant in error asserts and seeks to foreclose the chattel mortgage. The county court is a court of limited jurisdiction, and its jurisdiction is fixed by the amount in controversy. It was held by the Supreme Court of this state in Marshall v. Taylor, 7 Tex. 235, and since followed by the courts of this state, that the matter in controversy is not only the debt but the value of the property covered by the mortgage given to secure its payment, and that the foreclosure proceedings comprehend as well the subject-matter of the mortgage as the debt. Because of the limited jurisdiction of the county court, it is necessary to allege as a jurisdictional fact, the value of the property upon which foreclosure is sought.

[2] A failure to allege the value of the mortgaged property upon which the foreclosure is sought is fundamental error apparent of record, whether or not there was an exception, plea, or other objection to the petition on that ground in the court below. Davis v. First National Bank of El Paso (Tex. Civ. App.) 248 S. W. 119; People's Ice Co. v. Phariss et al. (Tex. Civ. App.) 203 S. W. 66; Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; Bates v. Hill (Tex. Civ. App.) 144 S. W. 289.

For the reason that the record does not disclose the jurisdiction of the county court, the merits of this appeal are not properly before this court for consideration. The case is therefore remanded to the county court, with instruction to dismiss the defendant in error's suit unless the proper jurisdictional facts shall be made to appear to bring the case within the jurisdiction of that court.

Remanded, with instructions.