**JACO et al. v. W. A. NASH CO.** (No. 139.)

(Court of Civil Appeals of Texas. Waco.
Feb. 12, 1925. Rehearing Denied
March 12, 1925.)

**1. Courts ⬠183—County court is court of
limited jurisdiction.**

County court is a court of limited jurisdiction.

**2. Courts ⬠170—County court held without
jurisdiction of action to foreclose mortgage.**

County court was without jurisdiction of
an action to foreclose a mortgage on crop of
cotton and cotton seed, where pleadings did not
allege value of property on which mortgage
was sought to be foreclosed.

**3. Judgment ⬠198—Jury's answers to issues
held not sufficient basis for rendition of judgment.**

In action for conversion of bales of cotton,
in which no evidence was offered as to their
weight, jury's special finding as to value of
cotton per pound and number of bales, with no
finding as to their weight, *held* not to furnish
sufficient basis on which court could render
judgment.

**4. Trial ⬠356(1)—Court cannot find on issue
submitted to jury which they fail to answer.**

Where an issue is submitted to jury, and
they fail to answer, trial court cannot find
thereon.

Stanford, J., dissenting.

Appeal from Kaufman County Court; W.
P. Williams, Judge.

Action by the W. A. Nash Company against
W. J. Jaco and others. From the judgment
for plaintiffs, and order overruling their motions for new trial, defendants Jaco and
Miles appeal. Reversed and remanded.

See, also, 236 S. W. 235.

Ashworth & Ashworth and Young & Young,
all of Kaufman, for appellants.

Wynne & Wynne, of Kaufman, for appellees.

BARCUS, J. Appellees, a partnership,
filed this suit against Willie Vinson and
Thomas Bennett, seeking judgment on an
account of $501.77 and to foreclose a mortgage lien on one-half of all the cotton and
cotton seed raised by said defendants on the
W. J. Jaco farm in Kaufman county for the
year 1920, and joined in the suit appellants
W. J. Jaco and A. Miles, alleging that they
had converted five bales of the cotton raised
by Vinson and Bennett, which was of the
value of more than plaintiffs' debt. Appellees asked for judgment for their debt
against Vinson and Bennett, together with a
foreclosure of their mortgage lien upon all
the cotton and cotton seed raised by said defendants on the Jaco farm in 1920, and asked
for judgment against appellants Jaco and
Miles for conversion of the five bales of cotton.

The defendants Vinson and Bennett made
no appearance. The appellants Jaco and
Miles filed general demurrer and specially excepted to appellees' petition because it did
not show that the county court had jurisdiction of the amount in controversy. Appellant
Jaco, for special answer, alleged that he as
landlord had furnished the tenants supplies
and that he had a landlord's lien on the crops
raised by Vinson and Bennett to secure him,
which was prior to any claim of appellees.
Appellant Miles filed, in addition to the demurrers above, a general denial and adopted
the answer of appellant Jaco.

The cause was submitted to the jury on
special issues. By their answers to the special issue the jury found that appellees were
entitled to a foreclosure of their mortgage on
all of the cotton and cotton seed raised by
Vinson and Bennett on the Jaco farm in 1920,
and that one-half of the crops so raised belonged to Vinson and Bennett and one-half to
appellant Jaco, and that Vinson and Bennett
raised nine bales of cotton on said farm.

Special issue No. 6 submitted was:

"What was the reasonable market value of
the one-half of the cotton and cotton seed
raised by Vinson and Bennett and belonging to
them at the time the cotton was sold?"

To which the jury answered: "Cotton
from 17 cents to 22 cents per pound, cotton
seed from $40 to $50 per ton," and the jury
found that Jaco had no lien on the crops.
On said findings the trial court entered judgment for appellees against Vinson and Bennett for the sum of $501.77, with interest
from October 21, 1920, together with a foreclosure of their mortgage lien upon 4½ bales
of cotton, and judgment for appellees against
W. J. Jaco and A. Miles, jointly and severally, for $382.04, with interest from October
21, 1920; the judgment reciting:

"This being the value of the four bales of
cotton converted by said defendants and appropriated to their own use and benefit, on which
plaintiff had a mortgage."

W. J. Jaco and A. Miles filed motions for
new trial, which were overruled, and they
have appealed.

[1, 2] Appellants assign error on the refusal of the trial court to sustain their general and special exception because the pleadings of appellees did not allege in any way
the value of the mortgaged crops on which
they sought foreclosure. We sustain this assignment. Appellees' pleadings do not in any
way suggest the value of the property on
which they seek to foreclose their mortgage
lien. They did not allege how many bales of
cotton, nor the amount of cotton seed raised

by Vinson and Bennett, nor the value there-of. They alleged they had a mortgage on all the cotton and cotton seed raised by said parties for the year 1920, and the jury found they were entitled to have said mortgage foreclosed. The county court is a court of limited jurisdiction, and the pleadings in said court must allege the value of the property on which the mortgage is sought to be foreclosed to give the county court jurisdiction. If the value of the property on which the mortgage is sought to be foreclosed is in excess of $1,000, the county court would have no jurisdiction, and, in the absence of an allegation with reference to the value of the mortgaged property on which the lien is sought to be foreclosed, the county court is not authorized to render judgment. Butts v. Hudgins (Tex. Civ. App.) 255 S. W. 762; McKee v. LeFors (Tex. Civ. App.) 253 S. W. 598; People's Ice Co. v. Phariss (Tex. Civ. App.) 203 S. W. 66; Davis v. First Nat. Bank (Tex. Civ. App.) 248 S. W. 119; Huff v. McDonald (Tex. Civ. App.) 239 S. W. 365; Stricklin v. Arrington & Carter (Tex. Civ. App.) 141 S. W. 189; Tant v. Baldwin Piano Co. (Tex. Civ. App.) 217 S. W. 239.

[3, 4] Appellants complain of the trial court rendering judgment against them for $382.04 because same is not supported either by the findings of the jury or the testimony, and because the jury failed to find the value of the cotton Vinson and Bennett raised that was converted by appellants. We sustain this assignment. There was no evidence offered showing the weight of the bales of cotton, nor the amount of cotton seed raised. The court asked the jury to find the reasonable market value of one-half of the cotton and cotton seed raised by Vinson and Bennett. The jury did not find said market value, but answered that the cotton was worth from 17 to 22 cents per pound and the cotton seed from $40 to $50 per ton. The answer of the jury does not furnish a sufficient basis on which the trial court could render a judgment. The jury found the number of bales raised, but did not find the weight thereof, neither did they find the weight of the cotton seed, and there was no evidence offered on either of these questions. Where an issue is submitted to the jury and they fail to answer, the trial court cannot find on said issue. Lakewood Heights Co. v. McCuistion (Tex. Civ. App.) 226 S. W. 1109 (writ refused); Bargna v. Bargna (Tex. Civ. App.) 127 S. W. 1156; (error dismissed for want of jurisdiction); Dato v. Geo. W. Armstrong & Co. (Tex. Com. App.) 260 S. W. 1024; Benton v. Jones (Tex. Civ. App.) 220 S. W. 193; Garlitz v. Runnels County Nat. Bank (Tex. Civ. App.) 152 S. W. 1151; Cisco Oil Mill v. Van Geem (Tex. Civ. App.) 166 S. W. 439; Bloxham v. Wallace (Tex. Civ. App.) 259 S. W. 1001.

We do not pass on the question as to the sufficiency of appellees' pleadings to recover judgment against appellant Miles for the conversion of cotton purchased by the partnership of which he was a member, since this question can and probably will be cured by amended pleadings before the case is tried again.

For the errors herein stated, the judgment of the trial court is reversed and the cause remanded.

STANFORD, J. (dissenting). Not being able to agree with my associates in the disposition of this case, I herewith file the following dissenting opinion:

This suit was brought by appellee in the county court of Kaufman county against Willie Vinson, Thomas Bennett, and W. J. Jaco, seeking a recovery against Vinson and Bennett on an account for $501.77, and to foreclose a mortgage given by Vinson and Bennett on one-half of all the cotton raised by them on the farm of W. J. Jaco during the year 1920; also alleging that W. J. Jaco had taken charge of the cotton mortgaged to the plaintiff and was converting same to his own use and benefit. The prayer was for plaintiff's debt against Vinson and Bennett, and a foreclosure against all the parties, and for general and special relief. Later appellees filed an additional pleading making A. Miles a party defendant, alleging that A. Miles and W. J. Jaco, one of the other defendants herein, had converted five bales of cotton covered by their mortgage, of the total value of more than plaintiff's debt, to wit, $501.77, and praying for judgment against A. Miles for the value of said cotton converted to the amount of their said debt against Vinson and Bennett.

Vinson and Bennett filed no answer. Jaco filed an answer, alleging he had furnished supplies to Vinson and Bennett, his tenants, and that they owed him rents, etc., in an amount sufficient to consume their half interest in said cotton, and that he had a landlord's lien on said cotton, and prayed for judgment against Vinson and Bennett for the amount of his claim, etc., and for a foreclosure of his landlord's lien on said cotton, etc. Appellees replied that defendant Jaco had waived his landlord's lien by expressly agreeing with them that, if they would furnish said tenants with supplies, he would not sell them anything, and that they had acted upon said agreement in furnishing supplies to said tenants. A. Miles filed an answer, adopting the answer of his codefendant Jaco.

In response to special issues submitted, the jury found: (1) That appellees were entitled to a foreclosure of their mortgage on the cotton raised by Vinson and Bennett on the farm of W. J. Jaco; (2) that Jaco did agree with appellees that, if they would furnish

(269 S.W.)

Vinson and Bennett supplies to enable them to make a crop, he would not furnish them anything, and would waive his landlord's lien; (3) that one-half of the crops raised on the Jaco farm in the year 1920 by Vinson and Bennett belonged to W. J. Jaco and the other half to Vinson and Bennett; (5) that, during the year 1920, Vinson and Bennett raised nine bales of cotton on the farm of W. J. Jaco.; (6) that, at the time the cotton and cotton seed raised by Vinson and Bennett on the Jaco farm in the year 1920 were sold, one-half of the cotton was worth from 17 to 22 cents per pound, and one-half of the cotton seed from $40 to $50 per ton; (7) that the items claimed to have been furnished by Jaco to Vinson and Bennett during the year 1920 were not furnished by Jaco.

In addition to the above findings by the jury, the trial court found that appellees' account for $501.77 against Willie Vinson and Thomas Bennett was just, true, and correct; that same was due, and all just and legal offsets, payments, and credits had been allowed, and that appellees' mortgage herein sought to be foreclosed was a valid and subsisting lien on one-half interest in the cotton raised by Vinson and Bennett on the W. J. Jaco farm during the year 1920, and that defendant A. Miles had converted to his own use and benefit four bales of said cotton belonging to defendants Vinson and Bennett and covered by appellees' mortgage, and that W. J. Jaco had likewise converted the same four bales of cotton, same being of the total value of $382.04. The court entered judgment in favor of appellees against Willie Vinson and Thomas Bennett for $501.77, and a foreclosure of appellees' mortgage on the four bales of cotton, the same being one-half of all the cotton raised by Vinson and Bennett on the Jaco farm during the year 1920, and also rendered judgment against W. J. Jaco and A. Miles, jointly and severally, for the sum of $382.04; this being the value of the four bales of cotton converted by said defendants, on which plaintiffs had a mortgage and decreed that A. Miles have judgment over against W. J. Jaco for any sum paid by him. Only W. J. Jaco and A. Miles have appealed.

In their first four assignments, appellants Jaco and Miles, in various ways, make the contention that the judgment is erroneous and should be reversed because appellees' pleadings failed to allege the value of the mortgaged property, and hence failed to show affirmatively that the county court had jurisdiction. But this suit as to appellants was a suit for damages to the amount of $501.77 for the conversion of cotton upon which appellees had a valid lien, and so the amount in controversy as between appellants and appellees could not be more than such damages, which amount sought to be recovered was clearly within the jurisdiction of the court, as shown by the pleadings. Walker Mercan-

tile Co. v. J. R. Raney Co. (Tex. Civ. App.) 154 S. W. 317; Monnig Dry Goods Co. v. King (Tex. Civ. App.) 263 S. W. 960. So appellants' first four assignments should be overruled as to them, regardless of what action may be taken as to the judgment against the other two defendants, Vinson and Bennett.

As before stated, Vinson and Bennett have not appealed, and the judgment against them should not be disturbed, they having assigned no error, unless appellees' failure to allege the value of the mortgaged property was fundamental error as to them. In the case of Stricklin v. Arrington & Carter (Tex. Civ. App.) 141 S. W. 189, the court says:

"In a suit to foreclose a mortgage on chattels, the amount in controversy is the alleged value of such chattels."

And the court said further:

"In order for this court to affirm the judgment, it must affirmatively appear from the record that the county court had jurisdiction to render it, and, in the absence of such showing, the judgment should be reversed."

The above case is from the Court of Civil Appeals, Second district, and has been followed by the Court of Civil Appeals, Seventh district, in People's Ice Co. v. Phariss et al., 203 S. W. 66, and by the Court of Civil Appeals, Fourth district, in Davis v. First National Bank of El Paso, 248 S. W. 119. But, in the case last cited, the court says:

"An inspection of the entire record fails to disclose the value of the personal property upon which appellant and appellee assert their respective liens. There is no reference, directly or indirectly, in any of the pleadings of either party, or facts found, or the judgment, in any way indicating the value of the property, by the piece or in the aggregate. The record does not contain a statement of facts."

I do not assent to the broad proposition made in the case of Stricklin v. Arrington & Carter, supra, to the effect that, in a suit for debt and to foreclose a mortgage on chattels, the amount by which the jurisdiction is to be determined is the alleged value of the mortgaged property alone. The amount sued for, as well as the value of the mortgaged property, is to be considered in determining the amount in controversy, and whichever is the greater will determine the question of jurisdiction. Walker Mercantile Co. v. J. R. Raney Co. (Tex. Civ. App.) 154 S. W. 317; Cantrell v. Cawyer et al. (Tex. Civ. App.) 162 S. W. 919. Moreover, in the case of Stricklin v. Arrington & Carter, cited above, the court says:

"In order * * * to affirm the judgment, it must affirmatively appear from the record that the county court had jurisdiction to render it, and, in the absence of such showing, the judgment should be reversed."

And in the case of Davis v. First National Bank of El Paso, cited above, the court says: "An inspection of the entire record fails to disclose the value" of the mortgaged property, etc., and doubtless the same is true of most of the cases following this line of decisions, and, if so, all such decisions are correct, for, if the plaintiff's pleadings do not allege the value of the mortgaged property on which a foreclosure is sought in the county court, and the entire record fails to disclose such value, this court cannot know whether or not the trial court, as a matter of fact, had jurisdiction. But such is not the case here. Appellees sued Willie Vinson and Thomas Bennett on an account for $501.77, and obtained judgment against them for said amount. The debt sued for was within the jurisdiction of the county court. Appellees also sought to foreclose their mortgage on a half interest in the cotton raised by said defendants on the Jaco farm, without alleging the value of said cotton. It was the privilege of appellants, by exception and by pleadings, as they did to challenge the jurisdiction of the county court to proceed with the case, and it was error on the part of the trial court in refusing to sustain appellants' contention and in refusing to require appellees to amend by alleging the value of the mortgaged property, but as it appeared on the hearing, both from the evidence and the findings of the trial court, that the value of the mortgaged property was only $382.04, and so, clearly, within the jurisdiction of the court, said error was harmless and affords no ground for reversal. Cantrell v. Cawyer (Tex. Civ. App.) 162 S. W. 919. Again, as the one-half interest of Vinson and Bennett in the cotton and cotton seed was the only property covered by said mortgage, and practically all of said property was converted by appellants and judgment for its value, $382.04, rendered against said appellants, it necessarily follows that the foreclosure was wholly unnecessary—a mere shadow, entirely void of any substance—of no benefit or detriment to any one. I think that appellants' first four assignments of error should be overruled.

Under his fifth, sixth, seventh, and eighth assignments, appellant A. Miles complains of the action of the court in rendering judgment against him, upon the ground that there was a variance between appellees' pleadings, seeking judgment against him, and the evidence, in that appellees pleaded that he converted said cotton, and the evidence disclosed that A. Miles & Co., a copartnership, converted it. Appellees' suit for conversion was against W. J. Jaco and A. Miles. W. J. Jaco testified that he sold eight bales of cotton to A. Miles & Co.; that he owned a half interest in said cotton and that Vinson and Bennett owned the other half interest; that this was the only cotton he sold

A. Miles & Co. during the year 1920; that he applied the interest of Vinson and Bennett in the proceeds of the sale to what he claimed they owed him; that this was the only cotton raised by Vinson and Bennett on his place during said year 1920. A. Miles testified that A. Miles & Co. bought eight bales of cotton from W. J. Jaco; that he did not know whether he bought all of it for said firm or not; that A. Miles & Co. was a partnership, composed of A. Miles, A. O. Coleman, W. S. Suddeth, and Richard Pyle. A. O. Coleman testified that A. Miles & Co. bought eight bales of cotton from Mr. W. J. Jaco in the fall of 1920, and paid him for same the total amount of $764.08. To constitute a variance, the difference between the pleadings and proof must be such as to mislead or surprise. The evidence in this case clearly shows that appellant A. Miles was neither deceived nor surprised by the alleged variance. Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583; Jones v. Davis Motor Car Co. (Tex. Civ. App.) 224 S. W. 701. The liability of each member of a partnership as to creditors of the partnership is primary, and is joint and several. A holder of a claim against a partnership may proceed against any of the partners individually, and it is not necessary to join either the other partners or the partnership. Fowler Commission Co. v. Charles Land & Co. (Tex. Com. App.) 248 S. W. 314; Jameson v. Smith, 19 Tex. Civ. App. 90, 46 S. W. 864; Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 478; Texas Rice Land Co. v. McFaddin, et al. (Tex. Com. App.) 265 S. W. 888. If appellant A. Miles desired to have the other members of his firm parties to this suit, it was incumbent upon him to plead such facts as would give notice of this to the court, and, by proper and timely request, have them brought into the suit. Davis v. Willis, 47 Tex. 154; Lumsden v. Jones (Tex. Civ. App.) 205 S. W. 375. I think that appellants' fifth, sixth, seventh, and eighth assignments should be overruled.

In the ninth assignment, appellants complain of the judgment against them because:

(1) It is joint and several. The evidence discloses that said parties jointly converted said property, and, as between appellees and appellants, the judgment was properly rendered against them jointly and severally. Appellant Jaco at least could not be heard to complain, and there is no complaint by appellant A. Miles, except jointly with W. J. Jaco.

(2) Appellants also contend there was no evidence upon which to base said amount of $382.04. The evidence is clear that, in the sale from appellant Jaco to A. Miles & Co., he received $764.08 for the eight bales, and one-half of said eight bales was covered by appellees' mortgage. While what the cotton sold for may not have been proper evidence

of its market value, yet appellants made no objection to this evidence. They make no complaint of the finding of the court fixing the value of the converted property at $382.-04, and they make no complaint that the judgment is excessive. I do not think that this objection is well taken. In case of the conversion of property which has been reduced to money by the defendant, the measure of damages is the amount received, with interest. See 38 Cyc. 2089, and cases there cited; Black v. Black (Tex. Civ. App.) 67 S. W. 928.

(3) In answer to the sixth special issue, the jury found that the cotton converted was worth from 17 cents to 22 cents per pound, and cotton seed from $40 to $50 per ton, but, as the question of a conversion of the cotton seed is not involved in this suit, I will disregard the latter part of said finding. The finding as to the value of the cotton does not find the total value, nor find sufficient data from which the total value may be determined. There was no issue made by the evidence as to the value of the cotton converted. There was no evidence as to the weight of the cotton nor as to the price per pound. But appellant Jaco received $764.08 for it. There is no other evidence in the record to contradict what Jaco received for the cotton or that in any way bears upon the value of the cotton converted. Appellant Jaco admitted that he sold the eight bales to A. Miles & Co.; that one-half of said eight bales belonged to Vinson and Bennett. If what Jaco received for the mortgaged property was not sufficient to make a prima facie showing of its value, then there was no issue made by the evidence as to its value, for there was no other evidence. If what he received for it was sufficient to make such showing, then it is equally true there was no issue for the jury, for there was nothing else the jury could consider. There being no issue made by the evidence as to the value of the mortgaged property converted, the court was in error in submitting said issue to the jury. See article 1971, Vernon's Sayles' Ann. Civ. St. 1914; Lamar v. Panhandle & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 34; American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 248; Johnson v. Breckenridge (Tex. Com. App.) 257 S. W. 223. In the last case above cited, the Commission of Appeals says:

"Article 1990 of the Revised Statutes, which has been construed to deny the right of a trial judge, or the appellate courts, to render judgments non obstante veredicto, where special verdicts have been found by juries, whether there is evidence or not to sustain the findings, does not preclude the courts from ignoring special findings, of a jury which have no support either in the pleadings or the evidence, and which manifestly ought not to have been submitted at all."

And the evidence in this case shows conclusively, without any controverting evidence, that the conversionors received $382.-04 for the property they wrongfully converted, and what they received being the only evidence of its value, the trial court was correct in rendering judgment against them for said amount, and especially when said amount is not necessarily in conflict with the finding of the jury. Vinson and Bennett have made no complaint. The matter here complained of is not fundamental, if error at all, as to them. Appellants having admitted they converted the property in question, and that they realized $382.04 cash for it, this court should not permit them to take advantage of a technicality in the method of arriving at the value of the property converted, where, if there was any error, it was in their favor. See Rev. Statutes, arts. 1553 and 1628; rule 62a, 149 S. W. x.

As I view this case, there is no reversible error in the record, and the judgment of the trial court ought to be affirmed.