## McLARAN v. TRINITY FURNITURE CO.
### (No. 2013.)

Court of Civil Appeals of Texas. El Paso.
April 14, 1927.

Appeal and error ⚬⇒544(3), 755—Failure to allege value of mortgaged property in foreclosure action in county court is fundamental error, justifying reversal, without statement of facts or briefs.

In action to foreclose chattel mortgage in county court, failure to allege value of mortgaged property is fundamental error apparent of record, justifying reversal, without statement of facts or briefs, since such value must be disclosed to show amount in controversy and fix jurisdiction of county court at law, which is court of limited jurisdiction.

Error from Dallas County Court at Law No. 1; Paine L. Bush, Judge.

Action by the Trinity Furniture Company against S. M. McLaran. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Thomas, Frank, Milam, & Touchstone, of Dallas, for plaintiff in error.

Walter R. Fly, of Dallas, for defendant in error.

WALTHALL, J. This suit was brought by the Trinity Furniture Company against S. M. McLaran to recover the balance of $371.27, principal and interest alleged to be due upon a promissory note, and to foreclose a chattel mortgage given on certain chattels to secure its payment. The chattel mortgage is attached to the petition and made an exhibit. McLaran answered by general demurrer and general denial.

No statement of facts or briefs are found in the record, but plaintiff in error, in writing, has filed a "suggestion of fundamental error."

Neither the petition nor the chattel mortgage, attached to and made a part of the petition, shows the value of the chattels mortgaged to secure the debt sued upon. The value of the property mortgaged should be disclosed in order to show the amount in controversy and fix the jurisdiction of the county court at law, that court being a court of limited jurisdiction.

A failure to allege the value of the mortgaged property, upon which the foreclosure is sought, is fundamental error apparent of record. People's Ice Co. v. Phariss et al. (Tex. Civ. App.) 203 S. W. 66; Davis v. First Nat. Bank (Tex. Civ. App.) 248 S. W. 119; Butts v. Hudgins et al. (Tex. Civ. App.) 255 S. W. 762; Strickland v. Arrington (Tex. Civ. App.) 141 S. W. 189; Bates v. Hill (Tex. Civ. App.) 144 S. W. 289; Jaco v. W. A. Nash Co. (Tex. Civ. App.) 269 S. W. 1089.

For the reason that the jurisdiction of the county court at law is not made to appear, the case is reversed and remanded.