## PETERS v. HUBB DIGGS CO.
### No. 996.

Court of Civil Appeals of Texas. Waco.
Jan. 8, 1931.

Rehearing Denied Feb. 12, 1931.

W. W. Alcorn and M. Kleberg, both of Fort Worth, for appellant.

Geo. Miller, of Fort Worth, for appellee.

ALEXANDER, J.

This was a suit brought in the county court at law of Tarrant county by Hubb Diggs Company against C. C. Peters on a promissory note for $756.23 and to foreclose a chattel mortgage lien on certain personal property. The defendant filed a general demurrer and a general denial. On February 4, 1930, the date for which the case was set for trial, the defendant and his attorney failed to appear and defend the suit, and judgment was entered for the plaintiff as prayed. The defendant appeals.

The appellant in his propositions 1 to 4 asserts that the plaintiff's petition was subject to a general demurrer for its failure to allege the value of the personal property covered by the chattel mortgage. It is true that, where a suit is brought in a court of limited jurisdiction, as is the county court, for a debt and to foreclose a mortgage lien, the plaintiff, in order to confer jurisdiction on the court, must allege the value of the mortgaged property at the time of the filing of the suit. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Butts v. Hudgins (Tex. Civ. App.) 255 S. W. 762. It is the larger of the two, that is, the amount of the debt or the value of the mortgaged property, that determines the jurisdiction of the court, Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224, 225, and if the value of the mortgaged property is not alleged, the jurisdictional amount is not shown.

However, we think this requirement was met by the allegations in the petition. The second paragraph of plaintiff's petition described the note sued on, and in the third paragraph thereof the plaintiff alleged as follows:

"In order to secure the payment of the above note and as a part of the same transaction the defendant made, executed and delivered to the plaintiff his certain chattel mortgage on the following described personal

property, to-wit: One Massie-Harris binder of the value of $100.00 and two Fordson tractors, motor No. 342338 and ——— respectively, of the value of $150.00 and $150.00, respectively."

Appellant contends that, by the above paragraph of plaintiff's petition, the plaintiff did not intend to allege the value of the mortgaged property at the very time of the filing of the suit, but intended to allege the value of the property at the time of the execution of the mortgage. We do not think the petition subject to this construction. Every reasonable intendment will be indulged in favor of the petition as against a general demurrer. Knoohuizen v. Nicholl (Tex. Civ. App.) 257 S. W. 972. There was no occasion for the plaintiff to allege the value of the property at the time of the execution of the mortgage. The only purpose for which the allegation as to value could have been made was in order to show the jurisdictional amount. We overrule this contention.

■ By his fifth proposition, appellant contends that the petition was defective for failure to allege that the plaintiff was the owner and holder of the note sued on. The petition alleges that the defendant made, executed, and delivered to the plaintiff the promissory note in question, and that the note was payable to the order of plaintiff. He further alleges that the defendant thereby became bound and liable, and promised to pay the plaintiff the amount of money specified in the note, that the note was past due and unpaid, and that demand for payment had been made. There was nothing to indicate that the note had passed out of plaintiff's hands. Where a payee in a note brings suit thereon, and there is nothing to indicate that he has parted with title thereto, it is not necessary for him to allege that he is still the owner and holder of the note. Bryan v. Wharton Bank & Trust Co. (Tex. Civ. App.) 174 S. W. 827; Barton v. Pochyla (Tex. Civ. App.) 243 S. W. 785 (writ refused).

■ The appellant insists that the trial court erred in overruling the motion for new trial. The judgment was rendered on February 4, 1930, on the date for which the case was regularly set for trial. On the following day, M. Kleberg, as amicus curiæ, filed a motion for new trial, in which he alleged that W. W. Alcorn, the attorney for the defendant, had gone to Montague county for the purpose of trying a murder case, and that he was actually in attendance on the district court in that county on the date on which this case was tried, and that it was impossible for him to be present at the trial of the case. The only answer that had been filed by the defendant was a general demurrer and a general denial. The motion for new trial did not allege any defense to the cause

of action sued on. It was not sworn to nor supported by affidavits. This motion remained on the docket until February 27th, when it was by the court overruled. The order overruling the motion states that the defendant failed to appear and prosecute the same. There was no evidence introduced to show that the facts stated in the motion were true.

■ Where a defendant seeks to set aside a default judgment, two things must appear: First, that he has a meritorious defense to the cause of action sued on; and, second, a clear case of diligence, that is, that he was prevented from presenting his defense by fraud, accident, or acts of the opposite party wholly unmixed with any fault or negligence on his part. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230. In the case at bar, the defendant not only failed to allege or prove any defense to the cause of action sued on, but wholly failed to account for his failure to appear and present his defense at the proper time. This assignment is overruled.

We have considered all other assignments presented, and same are overruled. The judgment of the trial court is therefore affirmed.