### AMERICAN NAT. INS. CO. v. NICHOLSON.

#### No. 12453.

Court of Civil Appeals of Texas. Dallas.
July 16, 1938.

Judgment Reformed and Affirmed July 23, 1938.

Brame & Brame, of Sherman, for appellant.

W. J. Durham, of Sherman, for appellee.

LOONEY, Justice.

Nannie Noel Nicholson sued the American National Insurance Company to recover the value of two policies of insurance issued by the company on the life of appellee in the aggregate of $205, also providing for the payment of $5 weekly disability benefits in case of illness or injury, alleged to have been wrongfully cancelled by appellant in September 1934. The case was submitted to a jury and, as all issues of fact were found in favor of appellee, the court rendered judgment in her favor for $565 (the amount found by the jury), from which this appeal was taken. The questions hereafter discussed have been properly raised.

Appellant insists that appellee's cause of action was barred by limitation; the contention being that her original petition failed to toll the statute, in that the recovery sought was beyond the jurisdiction of the county court, and that when her third amended original petition was filed (November 12, 1936), alleging a cause of action within the jurisdiction of the county court, the same was barred by the two years statute of limitation.

Appellee alleged, the wrongful cancellation of the two policies; that at the time of the cancellation, appellee was suffering from an incurable disease (epilepsy), by reason of which (although only 57 years of age) her life expectancy was reduced to five years; that the policies could have been maintained by the payment of $18.20 per year premium, or $91 for the full period of her life expectancy; that because of her afflicted condition, appellee was totally disabled and incapacitated to perform any and every kind of work, and will thus continue during the remainder of her life; that by reason of the facts appellant became obligated to pay $650 as disability benefits during the life expectancy of appellee, and at her death $205 as burial benefits; hence, when cancelled, the policies were worth to appellee $650 as disability benefits and $205 burial benefits, less the sum of $91 premiums required to keep the policies alive, alleging her damage to be $764. In her third amended petition, filed November 12, 1936, appellee declared upon the identical cause of action as in her prior pleadings, but alleged in addition that appellant was obligated to pay $5 per week disability benefits in case of illness or injury "for 26 weeks in each calendar year".

We do not deem it necessary to decide the question of jurisdiction, because whether or not the contention of appellant is correct in this respect, the cause of action in each of the pleadings filed being identical, the statute, in our opinion, was tolled when the suit was originally instituted, however imperfectly the cause of action may have been alleged; and even though the third amended petition supplied a theretofore omitted averment, essential to the jurisdiction of the county court; the filing of same, under our liberal rules in regard to amendments, was permissible to meet, by explicit allegations, the question of jurisdiction raised by appellant. In a similar situation, the Austin Court of Civil Appeals, in Leifeste v. Stokes, 45 S.W.2d 1006, through Chief Justice McClendon, said (page 1007): "The filing of the suit tolls the statute of limitations as to every cause of action asserted in the original petition. And this is true, no matter how imperfectly the cause of action is alleged, and even when the allegations are so defective that the petition is bad upon general demurrer. Scoby v. Sweatt, 28 Tex. 713; Killebrew v. Stockdale, 51 Tex. 529; Southern Surety Co. v. Sealy Ind. S. Dist. (Tex.Civ. App.) 10 S.W.2d 786 (error refused). * * Appellant contends that, since the amend-

ment set up for the first time a cause of action over which the court had jurisdiction, limitation would run up to the date of its filing. The effect of this contention is that the amendment, by supplying the omitted value of the live stock as being within the jurisdiction of the court, set up a new and different cause of action from that theretofore alleged. We are unable to concur in this reasoning. There is no question as to the identity of causes of action before and after the amendment. The suit was upon the same debt, and the foreclosure was sought upon the same property. The cause of action was the same regardless of the value of the live stock. The amendment merely supplied an omitted element (value) which was essential to jurisdiction. It appears to be the uniform practice to allow such amendments. McKee v. LeFors (Tex. Civ.App.) 253 S.W. 598; Jaco v. W. A. Nash Co. (Tex.Civ.App.) 269 S.W. 1089; Richardson v. Hardware Co. (Tex.Civ. App.) 33 S.W.2d 466." This doctrine, in our opinion, rules the question of jurisdiction now under consideration.

■ Appellant also insists that, in submitting the measure of damages, the court committed reversible error in failing to require the jury to find, whether or not, at the time of the alleged cancellation of the policies (in September 1934), appellee was an insurable risk. The cumulative effect of the undisputed testimony of the two physicians who examined and attended the insured in 1934 and in 1935, is that, at the time the policies were cancelled, appellee was permanently afflicted with epilepsy and growing gradually worse, hence we think the court was authorized to assume, as a matter of law, that appellee was not an insurable risk. Besides, in the absence of a request for specific instructions, we do not think appellant should be heard to complain of the failure of the court in the respect mentioned.

■ Appellant also insists that, the court erred in the instruction given to guide the jury in assessing damages, in failing to require that, the aggregate of the face of the policies and the amount of disability benefits found, be discounted, in order to ascertain the present value of the policies. Obviously, appellee was only entitled to recover the present value of the death and disability benefits; that being true, we think the court erred in failing to instruct the jury to that effect. The defect in the court's charge was not simply an omission, but be-

ing an omission of one of the essential elements of the applicable rule for measuring the damages, the instruction as a whole, by reason of the omission, was rendered incorrect. See Illinois Bankers', etc., Co. v. Payne, Tex.Civ.App., 62 S.W.2d 315, 317.

So, we conclude that, the amount found by the jury ($565) should have been discounted at the rate of six per cent for the time of the (probable) life expectancy of the insured (five years); the amount of the discount being $169.50, and to that extent the judgment being excessive, should be reversed. However, if a remittitur is filed by appellee within ten days from the filing of the opinion herein, the judgment will be reformed and affirmed, otherwise the case will be reversed and remanded for further proceedings.

### After Remittitur.

A remittitur of $169.50, in conformity to the order of the court heretofore made, having been filed, the judgment of the trial court is reformed, by reducing the amount thereof $169.50, and as reformed, is in all respects affirmed. However, all costs incident to the appeal of the case will be taxed against the appellee.

Reformed and affirmed.