Equitable Life Assurance Society v. A. L. Cole.

Delivered April 4, 1896.

1.   Life Insurance Company—Authority of Agent—Premiums—Waiver.
Whatever may be the limitations of an agent's authority to receive and receipt for premiums as shown by the printed form of application for insurance, or in the policy, it is well settled that the same may be waived by the company.

2.   Same—Proof of Premium Paid in Property.
In a suit against an insurance company to recover a premium paid to its agent, partly in property, a receipt signed by such agent only individually, as, also proof of the delivery of the property, is admissible to show that he received such premium; his right to do so, and the liability of the company thereon, being matters to be developed by further evidence.

3.   Same—Payment in Property—Presumption—Burden of Proof.
An insurance agent's authority to collect premiums does not imply an authority to accept property as payment therefor in lieu of money, and the burden of proving such authority is upon the party asserting it.

Appeal from the County Court of Collin.   Tried below before Hon. M. G. Abernathy.

*T. F. Mangum*, for appellants.—1.   Where there is no evidence showing that an agent is authorized to receive the money of the principal and bind the principal for the money received, a receipt signed by such agent for a certain sum of money offered to bind the principal is immaterial and irrelevant.

2.   If a party dealing with an agent has knowledge that such agent has no authority to receive money and bind his principal except in a certain manner, and such agent does not follow his authority in this respect, and this is known to the party dealing with the agent, the principal cannot be bound by such unauthorized acts of the agent.   1 W & W. C. C., sec. 291.

3.   An agent with power to receive payment is not in general clothed with authority to compound the debt or commute it for something else, but can only receive it in money.

*Abernathy & Beverly*, for appellee.

DILLARD, Special Chief Justice.—E. H. Bennett was agent for the Equitable Life Assurance Society, representing it in soliciting insurance and collecting premiums from persons becoming policy holders in the company.

In 1892, A. L. Cole sought insurance in the Equitable Company, and made a contract with Bennett for the same.   Application was made by him for a policy of $5000, the first premium on which was $173.50.   In

payment of the premium Cole paid Bennett the sum of $35 in money, and turned over to him a horse which was worth $140. Bennett gave Cole a receipt for $173.50 on account of the policy; this receipt was signed by him individually. Cole's application was rejected, and he sues the company for the amount of the premium.

The application for the policy was in writing, and, among other stipulations, contained the following printed on its reverse side: "Although all premiums are due in the city of New York, payments may be made at other places on or before the due dates to persons authorized to receive the same on production of the Society's receipt therefor, signed by its secretary and countersigned by the authorized person to whom the payment is made."

The evidence showed that at one time Bennett for a part of a premium on a policy had accepted groceries, but does not bring knowledge of this fact home to the assurance company, or tend to do so. It tended to show that with the knowledge of the company, Bennett accepted notes for premiums on some policies and that this action was ratified by the company, but it is not clear or satisfactory as to this.

1. When the receipt given by Bennett was offered in evidence, it was objected to by defendant, because it was immaterial, irrelevant and unauthorized, and did not purport to bind defendant. The objection was overruled and the evidence admitted. In this there was no error. The mere fact that the company may have stipulated that a certain kind of receipt should be given would not, of necessity, make any other character of receipt invalid. A provision of this kind was one it could well waive, and it was for the jury to say whether it had done so. The receipt was evidence that Bennett did receive a payment from the plaintiff, and it was to be determined from other facts proved whether the company was bound by such payment.

2. The second assignment of error complains that the court permitted Cole to testify, that at the time he made his application for insurance, the horse and $35 in money were turned over to Bennett, because if the horse was received by Bennett, his act was unauthorized by defendant, and the evidence was therefore immaterial and irrelevant. In the admission of this evidence there was no error. It was contended by plaintiff that Bennett had authority to accept the horse in part payment of the premium. It was proper to prove that he did so accept it, and the question of his right to do so was to be developed by further evidence.

3. There was no error in refusing the third instruction asked by defendant, the same having been sufficiently covered by the charge of the court. Nor was there error in refusing to give the following special instruction asked by defendant: "When the language of an application for a policy of insurance defines and limits the authority of the company's agent, no act of his transcending his authority is binding on the company."

This requested charge states a proposition which cannot be recog-

nized as law, Whatever may be the limitation on an agent's authority, as shown by the application for insurance or in the policy, it is well-settled that the same may be waived by the company. This may be, and often is done by a habitual course of .dealing showing that it is not intended that the rule as written shall govern, but that the agent's real authority extends beyond that which is declared in his apparent warrant of attorney. To declare the law to be as stated in the charge quoted, would be to announce a rule altogether too restricted. Morrison v. Insurance Co., 69 Texas, 353.

4. By the fourth assignment it is complained that there was error upon the part of the court in refusing the following instruction: "An agent authorized merely to collect a sum of money for his principal, cannot bind his principal by any arrangement short of a receipt of the money, and cannot take in payment any other kind of property. You are therefore instructed that if you find and believe from the evidence that E. H. Bennett was the agent of the Equitable Life Assurance Society of the United States, and as such agent he had a certain transaction with the plaintiff, in which he received from plaintiff a certain horse and sum of money, in consideration of which horse and money the said Bennett agreed to prepare and forward to the said society an application for a policy of insurance upon the life of plaintiff, with the understanding that said horse and money, or its equivalent in value, should be returned to plaintiff in case such application was rejected by said society; and you further find and believe from the evidence that the said E. H. Bennett in such transaction was only authorized by said society to receive money on said application, in the event you find for plaintiff, as hereinbefore instructed, you can only find for him the amount of money received by Bennett from plaintiff, with interest upon the same from the date of its receipt up to the present time at the rate of six per cent per annum."

The court nowhere in his charge brought distinctly to the minds of the jury the fact that an agent authorized to collect, would not by virtue of such authority have the right to take property in payment. The doctrine cannot be established that because an agent is authorized to solicit insurance and forward applications for policies, and collect premiums in money, or even accept notes for deferred payments of premiums, that he is therefore authorized to accept other kinds of property. The accepting of property in payment of indebtedness by agents authorized to collect, is so much aside from the current of commercial affairs that one dealing with an agent, knowing him to be such, who makes payment to him in property, has the burden of showing that he was authorized to accept property in payment, or else, that the principal ratified his act in so doing, or accepted the fruits of it. This cannot be shown by presumption alone. Belton Compress Co. v. Belton Brick Mf'g Co., 64 Texas, 337; McAlpin v. Cassidy, 18 Texas, 449. There was therefore error in refusing the charge asked, or not giving some charge in its stead, presenting clearly the phase of the case sug-

gested by it.    For this error the judgment is reversed and the cause
·remanded.

*Reversed and remanded.*

LIGHTFOOT, Chief Justice, and RAINEY, Associate Justice, disquali-
fied.   F. C. DILLARD, Special Chief Justice, and M. L. MORRIS, Spe-
cial Associate Justice, sitting.