## MISSOURI PACIFIC RAILROAD COMPANY v. L. B. STONE GROCERY COMPANY.

### Opinion delivered March 17, 1924.

1. RAILROADS—LIABILITY FOR SETTING OUT FIRE—EVIDENCE.—In an action for loss of a stock of groceries by fire alleged to have been set by a spark from defendant's locomotive, evidence *held* to sustain a finding that defendant was liable.

2. APPEAL AND ERROR—WEIGHT OF TESTIMONY.—It is not within the province of the Supreme Court to pass upon the weight of testimony.

3. EVIDENCE—OPINION OF NON-EXPERT.—In an action for a fire loss alleged to have been caused by a spark from defendant's locomotive, where there was a dispute as to whether a heavy freight train had passed just before the fire, and a witness testified that he slept on the floor by an open door not more than 100 feet from the fire, and, though unaccustomed to the noise of trains, did not hear any train passing at this time, it was not error to refuse to permit him to testify whether, in his opinion, he would have been awakened by a heavy freight train being pulled up grade about the time of the fire, since a jury of ordinary intelligence would not require the aid of such opinion to reach a conclusion.

4. TRIAL—INSTRUCTION—NECESSITY OF REQUEST.—Where the court properly instructed the jury as to the measure of damages being the market value, if the defendant desired to have the jury instructed as to the proper method of arriving at the market value, he should request a correct instruction on that subject.

5. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.—In an action for destruction of goods by fire, an instruction that the measure of damages was the reasonable cash market value at the time and place of the fire, not exceeding the amount claimed, was not prejudicial as allowing the jury to fix the retail market value without deducting overhead expenses of selling and delivering, where there was no testimony as to the retail market value, and the judgment was for less than the value of the goods destroyed according to the undisputed evidence.

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; affirmed.

*E. B. Kinsworthy* and *Samp Jennings,* for appellant.

1. After the witness Shirey had detailed the facts, defendant was entitled to have his opinion as to whether or not, if a heavy train had gone by when they claimed

one went by, he would have heard it. 4 Wigmore on Evidence, 2d ed., §§ 1920, 1929, and cases cited; *Id.* § 1924; McKelvey on Evidence, 222, § 132; *Id.* 224, § 134; 11 R. C. L. 568, 569, § 5; 111 U. S. 612, 28 L. ed. 536; 3 Wigmore on Evidence, § 1918; 84 Conn. 169; 79 Atl. 59; 37 L. R. A. (N. S.) 591; 87 Ark. 443, 112 S. W. 967; 77 Kan. 580, 96 Pac. 68; 155 Mo. App. 70; 135 S. W. 98; 107 N. W. 1102, 6 L. R. A. (N. S.) 150; 91 Tex. 454; 40 L. R. A. 209; 44 S. W. 274.

2. Instruction No. 3 on the measure of damages was erroneous in that it did not properly direct the jury to the actual cash value of the goods destroyed. Since the goods were a total loss, the question of the value of the goods as damaged did not arise. 110 Ark. 49, 160 S. W. 889.

*Powell & Smead* and *Smead & Meek,* for appellees.

1. The opinion evidence of the witness Shirey was not admissible. The rule is clearly stated in *Traction Co.* v. *Nelson,* 66 Ark. 494.

2. Instruction 3 on the measure of damages was correct. If appellant desired that the jury be instructed on a proper method of ascertaining the reasonable market value of the goods at the time and place of the fire, a separate request should have been made for such instruction. 110 Ark. 49, cited by appellant, supports this view.

Humphreys, J. Appellees brought suit against appellant in the circuit court of Ouachita County to recover $5,288.43 for the destruction of a stock of groceries and certain fixtures owned by L. B. Stone Grocery Company, by fire alleged to have been started with sparks from one of appellant's locomotives. The complaining insurance companies had issued policies of insurance upon the stock and fixtures to the L. B. Stone Grocery Company, partially indemnifying it against loss by fire, and settled with it. They joined as plaintiffs in the suit, claiming the right to recover the several amounts paid by them upon the policies, by way of subrogation to the rights of said grocery company. The

grocery company claimed a balance of $3,321.90 after settlement with the various companies.

Appellant filed an answer, denying the material allegations of the complaint.

The cause was submitted to the jury upon the pleadings, testimony and instructions of the court, which resulted in a verdict and consequent judgment against appellant for the amount claimed, from which is this appeal.

Appellant contends for a reversal of the judgment upon the alleged ground that the evidence is insufficient to sustain the verdict. The fire occurred about 2:30 o'clock on the morning of July 13, 1921. The building which contained the stock and fixtures was situated about fourteen feet from the railroad track, near the depot, at Camden. Appellant introduced its records made by its dispatchers and agents, showing that no trains passed through Camden later than 11:30 p. m. July 12, or earlier than 4 a. m. July 13. It also introduced a number of witnesses who testified that no train passed through Camden upon its tracks between those hours, and that the fire originated inside the building. The argument is made that, while the train sheets are not conclusive, yet, when considered in connection with its other testimony, the evidence is so strong that it is apparent the verdict was the result of passion and in disregard of the evidence as to passing trains. We cannot agree with learned counsel for appellant in this conclusion, for appellees introduced substantial testimony to the effect that a heavy freight train, pulled by a locomotive, emitting sparks, passed by the scene of the fire about thirty minutes before it was discovered, and that the fire originated on the outside of the building. C. U. Mendenhall, Olie Seals, and Hezekiah King testified that they saw such a train pass just before the fire, and that the engine was emitting sparks. Jim White and Will Wood testified that they heard the train pass. Appellees introduced a number of witnesses who testified that the roof was the first part of the building to catch on fire. There is suf-

ficient testimony in the record, of a substantial nature, to support the verdict. It is not within the province of this court, on appeal, to pass upon the weight of the testimony.

Appellant also contends for a reversal of the judgment because the court refused to permit J. D. Shirey, who was asleep on the floor by an open door, in a house not more than 100 feet from the scene of the fire, to testify whether, in his opinion, he would have been awakened by a heavy freight train being pulled up grade, had it passed the depot about 2:30 o'clock on the morning of the 13th. Shirey testified that he was a farmer, not used to the noise of trains, and that he was not aroused by the passing train a short time before the fire was discovered. A jury of ordinary intelligence could have determined from the facts detailed, and other facts which might have been detailed, whether the noise made by such a train would have awakened Shirey, as well without as with his opinion. The court said, in *Little Rock Traction & Electric Co.* v. *Nelson,* 66 Ark. 494, "as a general rule, witnesses who are not required to testify as experts must state facts, and not conclusions." And also that "opinion evidence is not admissible when the fact is susceptible of being adequately exhibited to the jury in the ordinary way." The ordinary way to have ascertained whether a passing train would have likely awakened Shirey, as a circumstance tending to show that such a train had not passed, would have been to show that his hearing was acute, and that he was a light sleeper, in addition to the circumstances which were developed. The subject of the inquiry did not call for or require the opinion of a non-expert witness to aid the jury in arriving at the truth.

Appellant also contends for a reversal of the judgment upon the alleged ground that the court erred in instructing the jury upon the measure of damages. The court instructed the jury that the measure of damages, if any, was the reasonable cash market value of the property destroyed at the time and place of the fire,

not exceeding the amount asked for in the complaint. In objecting to the instructions, appellant pointed out that the proper measure of damages was the market value of the goods at the time of the fire, at the point where they were bought in bulk, plus the cost of transportation, less depreciation by reason of time or otherwise. The suggestion of appellant was not a proper measure of damages, but was simply a method by which to ascertain the market value of the goods at the time and place of the fire. The request to substitute the method of ascertaining the value for the measure of damages was improper. The request should have been embodied in a separate instruction and requested by appellant, if it desired that the jury be instructed as to the proper method of arriving at the market value. Appellant did not request a separate instruction to this effect. Objection is also made to the instruction that it allowed the jury to fix the retail market value of the goods destroyed without deducting overhead expenses of selling and delivering same. The instruction could not have been thus construed by the jury, for no testimony was introduced tending to show the retail market value of the goods. The proof as to the value of the goods was undisputed, and based upon the purchases as shown by the invoices, after deducting the net merchandise sales therefrom. The judgment was for $2,484.76 less than the value of the goods destroyed, according to the undisputed evidence. Appellant was not therefore prejudiced in any way by the instruction.

No error appearing, the judgment is affirmed.