### GREAT NAT. LIFE INS. CO. v. GAFFORD.

### No. 1921.

Court of Civil Appeals of Texas. Waco.

July 15, 1937.

Rehearing Denied Oct. 7, 1937.

Webster Atwell, of Dallas, for appellant.

Lovett & Lovett, and J. C. Jacobs, all of Corsicana, for appellee.

GALLAGHER, Chief Justice.

Appellee, Sallie Gafford, instituted this suit against appellant, Great National Life Insurance Company, to recover the sum of $1,000 on an insurance policy issued by it on the lives of appellee and her deceased husband, Joseph Claud Gafford, in which it promised to pay said sum to the survivor in case of the death of either of the insured. The policy was issued on the 20th day of May, 1933, in consideration of an initial premium of $11.58 and the further payment of

918

a like amount at the beginning of each quarter thereafter. Appellee's said husband died on the 4th of September, 1935. The sole question in the case is whether the quarterly premium due May 20, 1935, was paid and the policy in full force and effect at the time of his death, or whether the same had lapsed for failure to pay such premium. There is no contention that said policy had on said last-named date any cash surrender value. It did, however, have a loan value of $25, which was available for the sole purpose of application toward the payment of an annual premium for the ensuing policy year, provided the remainder of such premium, amounting in this case to $18.68, was paid therewith. This provision was not invoked. Said policy provided that all premiums were payable in advance at the home office, but that the same might be paid to an authorized agent of the company in exchange for a receipt signed by any one of certain officers of the company and countersigned by the agent receiving payment. The same further provided that the mode of premium payments might be changed on any anniversary date and premiums thereafter paid annually or semiannually.

Franklin Seale was a local soliciting agent for appellant. He was engaged in other lines of agency business, among which was the renting and repairing of buildings. The policy sued on was issued upon an application taken by him. All the premiums for the first two years were remitted by him to appellant by check. Whether he was furnished by the company with the form of receipt provided by the policy was not disclosed. The testimony showed that he employed the deceased as a plumber to repair houses under his control; that most, if not all, the premiums were paid from earnings in that capacity; and that sometimes Seale advanced the money to pay such premiums when his indebtedness to the deceased was not sufficient to cover the same. Appellee and her son testified that said Seale, shortly after the premium in question became due, came to her home with a paper which he said was a note and that he requested deceased to sign the same; that deceased did so; and that Seale told him that said note covered premiums due on the policy for one year from May 20, 1935. Both of them affirmatively denied having read the purported note. Neither of them stated that the amount thereof was mentioned at the time same was signed. Seale denied said testimony in toto. He testified on cross-examination that it was a common practice for him during the time in question to receive cash for the premiums due by policyholders and transmit the same to the company. Whether he received such premiums in return for signed and countersigned receipts, as provided in the policy, was not shown. He also testified that he had during said period supervised and trained new agents. There is no testimony that any such action was known to the deceased or that he relied on the same as evidencing authority on the part of Seale to take a note for his overdue premium. The testimony was affirmative that Seale in his prior transactions with deceased had never accepted his note for a premium. There was no testimony that Seale had accepted a note in payment of a premium from any policyholder.

The case was submitted on special issues, which issues, with the answers of the jury thereto, were as follows:

"(1) Do you find from a preponderance of the evidence in this case that on or about June 1, 1935, Joseph Claud Gafford executed and delivered to Franklin Seale a note for a sufficient amount to pay the premium on said policy of insurance for the ensuing twelve months? Answer: Yes."

"(2) Do you find from a preponderance of the evidence in this case that Franklin Seale accepted the note as agent for the defendant National Life Insurance Company in payment of the premium due upon its insurance policy? Answer: Yes."

The court rendered judgment in favor of appellee against appellant for $1,000, the face of the policy, and $100 additional as attorney's fees.

### Opinion.

 Appellant presents various propositions in which it assails the sufficiency of the findings of the jury in this case to support a judgment for appellee. The specific contention is that the issue of the authority of Seale to accept the note of the deceased in lieu of the payment of the premium due May 20, 1935, was not submitted to the jury; that there is no finding by the jury that Seale had either actual or apparent authority to do so; and that the testimony was insufficient to show as a matter of law that Seale had such authority. Special issue No. 2, in response to which the jury returned an affirmative finding, merely inquired whether Seale, as agent for appellant, accepted a note in payment of said premium. Appellant duly objected to the submission of such.

issue on the ground that the same assumed that he had authority to accept said note in payment of such premium. The gist of the testimony has been hereinbefore recited in regular sequence. We find nothing therein showing that Seale was actually authorized by appellant to accept a note in payment of this or any other premium. Such action on his part, as found by the jury, was contrary to the terms and provisions of the policy and was necessarily contractual in its nature. It devolved upon appellee to show prima facie at least that he possessed such power. Aetna Life Ins. Co. v. McIver (Tex.Civ.App.) 65 S.W.(2d) 817, par. 3. The only affirmative testimony on this issue was from one of appellant's executive officers and Seale himself. They both testified that he was a mere soliciting agent. Such agents are, by the express provisions of our statutes, denied power to waive, change, or alter any of the terms or conditions of an application taken by them or a policy issued thereon. R.S. art. 5063. Absent affirmative testimony on the issue under consideration, it devolved upon appellee to introduce facts and circumstances from which such authority could reasonably be inferred. The only such circumstances introduced in evidence were that Seale habitually accepted from policyholders payments of premiums owed by them and forwarded the same to the home office of appellant, and that he, on one or more occasions, had instructed new agents with reference to their duties and supervised the performance of the same. Certainly, these circumstances were not sufficient to show as a matter of law that Seale had authority to accept from the deceased the note found by the jury to have been given by him in lieu of the cash premium due on the policy. Since this holding requires a reversal of the judgment, we will refrain from discussing the weight of such testimony. Appellee contends that the testimony showed that Seale had apparent authority to take such note in lieu of the cash premium. Apparent authority is based on the doctrine of estoppel, and no such issue was submitted to the jury. 2 Tex.Jur. p. 424, §§ 38 to 41, inclusive. See, generally, Aetna Life Ins. Co. v. McIver (Tex.Civ. App.) 65 S.W.(2d) 817, 819, pars. 2 to 8, inclusive, and authorities there cited; Missouri State Life Ins. Co. v. Boles (Tex.Civ. App.) 288 S.W. 271, par. 3; Equitable Life Assurance Society v. Cole, 13 Tex.Civ.App.

486, 35 S.W. 720, par. 4; Great American Casualty Co. v. Eichelberger (Tex.Civ. App.) 37 S.W.(2d) 1050. Our holding herein is not in conflict with the authorities cited and relied on by appellee.

In Grand Lodge Colored K. of P. v. Carter (Tex.Civ.App.) 100 S.W.(2d) 742, the deceased had paid all current and delinquent premiums in cash. Delinquent payments had theretofore been accepted from him under the same circumstances. The custom was shown to have been known to and acquiesced in by the Grand Lodge. The jury found that it had waived its by-laws requiring prompt payment of assessments. In Adams v. Lasalle Life Ins. Co. (Tex.Civ.App.) 99 S. W.(2d) 386, the insurer was held chargeable with notice of the actual facts existing and known to the agent at the time of taking the application and pertinent to the contents thereof whether communicated to it or not. Absence of power in a soliciting agent to waive, change, or alter any provision of either the application or policy was recognized. The case of Sovereign Camp, W. O. W., v. Hines (Tex.Civ.App.) 273 S.W. 927, also involved the issue of imputed knowledge. The insured had been reinstated in the order by the local lodge without furnishing a certificate of good health at the time of such reinstatement, as required by the by-laws, and the assessment paid by him had been remitted to the Sovereign Camp. A custom had been established in that lodge of reinstating members without requiring such certificate, and knowledge thereof was held imputed to the Sovereign Camp. Notwithstanding imputed knowledge of such reinstatement, it kept the remittance until it was notified of the death of insured, a space of nearly two months, and attempted to repudiate the same only after it had learned of his death. In the case at bar, it was shown affirmatively by the uncontradicted evidence that appellant never received the note which the jury found the deceased had given Seale in payment of the premium due and that it never heard of the same until after the controversy over the payment of the policy arose.

The other propositions presented by appellant relate to matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment of the trial court is reversed and the cause remanded.