TEXAS MUTUAL LIFE INSURANCE ASSOCIATION v. MRS. BERTHA M. SMARTT.

No. 7027.   Decided March 23, 1938.
(114 S. W., 2d Series, 528.)

*Cantey, Hanger & McMahon,* of Fort Worth, for plaintiff in error.

The mere receipt by the insurance company of the check from the insured, which check was dishonored and returned to insured, with the advice that the policy had lapsed, which was acquiesced in by insured, and no receipt had been given for said check, there was no evidence to go to the jury of the question of tender, and the trial court properly instructed a verdict for the insurance company. Bienhoff v. North American Acc. Ins. Co., 153 Minn. 241, 190 N. W. 63; Travelers Ins. Co. v. Brown, 138 Ala. 526, 35 So. 463; Fort Worth Mut. Ben. Assn. v. Akin, 9 S. W. (2d) 398.

*McDonald & Floyd,* and *Thompson & Barwise,* all of Fort Worth, for defendant in error.

The findings of the Court of Civil Appeals are amply supported by the record. State Life Ins. Co. of Indianapolis v. Nolen, (Com. App.) 24 S. W. (2d) 22.

MR. JUDGE MARTIN, of the Commission of Appeals, delivered the opinion for the Court.

Suit was instituted by the beneficiary of a life insurance policy and judgment upon a directed verdict was entered by the trial court in favor of the insurer. That judgment was reversed and remanded. 87 S. W. (2d) 333.

The legal issue here is whether or not a jury question existed in the trial court as to the unconditional acceptance by the insurer of a check as payment of an assessment admittedly due by the insured—the ultimate issue being the lapsation of the policy of insurance, as more fully appears hereafter.

The statement of the Court of Civil Appeals is in part as follows:

"According to the terms of the contract of insurance, payments were to be made to beneficiaries of the policies issued out of funds to be realized out of assessments against the policy holders in the sum of $5.50 payable upon the death of any policy holder.

"The policy embodied these stipulations:

" 'This insurance is granted in consideration of the application therefor, a copy of which is attached hereto, and hereby made a part of this contract, of the payment of the membership fee and each assessment which shall be levied by the officers of the Texas Mutual Life Insurance Association upon the death of any member in this class within ten days of notice of such death and one assessment per year as annual dues of $5.00 to be paid on or before the 1st day of October each year. * * *

" 'In the event of lapse of this policy all benefits hereunder shall be forfeited until reinstatement of this policy has been approved by the association and written notice thereof received by the insured while alive and in good health.

" 'The insured may apply for reinstatement upon lapsation of this policy, for any reason, by furnishing the Association evidence of good health satisfactory to the Association within nine days after it has lapsed and the payment of all past due assessments, provided, however, that the Association may reject any such application for reinstatement for any reason it deems sufficient. * * *

" 'That his or her membership is based on his or her application, which application is filed in the office of the Texas Mutual

Life Insurance Association and subject to the By-Laws of said Association, which are made a part hereof.'

"Following was one of the by-laws of the Insurance Company:

" 'A certificate of membership to become effective and be binding is conditioned upon the payment in full of the application fee having been actually received by said Association and upon the payment having been actually completed of subsequent assessments as may be levied by the officers of the Association on such certificates. Completion of payment of the Membership *fee or any subsequent assessment shall be conditioned upon any check or instrument, tendered to cover such payment, being paid in accordance with its tenor and a bona fide remittance made to cover such payment.*' (Italics ours.)

"The record shows that for all assessments levied against Smartt's policy, he mailed to the defendant at Waco his checks drawn on the First National Bank of Fort Worth, Texas, and as soon as they were received by the defendant they were deposited in defendant's bank in Waco and credit given therefor on defendant's books as of the date of receipt of those checks, although the defendant did not mail to Smartt its receipt acknowledging credits for those assessments.

"An assessment was made on July 21, 1933, and Smartt's check therefor was dated and mailed on July 31st, which was within the ten days grace period. The defendant received the check on August 1st * * *. The check was deposited in the defendant's bank in Waco on August 2nd. A few days later the check was returned unpaid and on August 7th the defendant wrote a letter to Smartt advising him of its dishonor and enclosed him a blank form of application for reinstatement of the policy. Thereupon Smartt filled out the application and mailed it to the defendant, together with his check for the amount of the assessment. That check was dated August 11th and was received by defendant on August 15th. The application for reinstatement was then approved and notation made on defendant's books of the reinstatement of Smartt's policy as of date August 15th. Smartt was then advised by letter from the defendant that his policy had been reinstated. Thereafter all assessments on the policy were duly paid up to the date of Smartt's death.

"In Smartt's application for reinstatement of his policy, he stated that he was then in good health; and on the trial of the case it was admitted by plaintiff that that representation was untrue.

"The defense urged was that the original policy had lapsed

for non-payment of the assessment of July 21st, within the option period and that there could be no recovery on the reinstated policy because insured was not in good health at the time of its issuance."

On Motion for Rehearing.

" * * * whenever Smartt's checks were received, witness would make entry on his card kept to show the state of his account, a notation showing receipt of the check and date of such receipt, but would make no entry showing that the check was accepted as payment of the assessment. The checks were then deposited in defendant's Waco bank for collection and if honored by the drawee bank in Fort Worth, that would be treated as payment without any further notation on the books or notice to Smartt. But if the check was not paid by the drawee bank, then Smartt would be notified that his policy had lapsed and a blank application. be sent to him to be filled out and when the same was signed and returned and payment made of the necessary premiums therefor, his policy would be reinstated."

There is no issue made here of either waiver or estoppel. Admittedly the policy had lapsed under its own terms, unless the assessment of July 21, 1933 had been paid—this because there was no valid reinstatement of the policy, since the insured was not in good health on the date of his application for reinstatement, and its receipt and approval by the insurer. The case here is narrowed to the one inquiry of whether the facts raise an issue of payment of the assessment mentioned, so as to render erroneous the action of the trial court in instructing a verdict. The only payment proven was by what is called in common parlance a "cold check."

"It is well settled in this state that the mere sending of a check will not prevent a forefiture; it must be unconditionally accepted. Mullins ·v. Hartford Life Ins. Co., 26 Texas Civ. App. 383; 63 S. W. 909; Equitable Life Ins. Co. v. Cole, 13 Tex. Civ. App. 486, 35 S. W. 720; Continental Ins. Co. v. Stratton, 185 Ky. 523, 215 S. W. 416, 8 A. L. R. 391; Walls v. Home Ins. Co., 114 Ky. 611, 71 S. W. 650, 102 Am. St. Rep. 298; Kansas City Life Ins. Co. v. Elmore, (Tex. Civ. App.) 226 S. W. 709." Illinois Bankers' Life Assurance Co. v. Payne, 62 S. W. (2d) 35. See also 48 C. J. p. 617, 32 Tex. Jur. pp. 658, 659.

The Court of Civil Appeals finds and same is not here challenged, that the check in question was deposited for collection, as shown above. It was not credited as payment. No receipt was issued. The contract between the parties pointedly provides

"that 'complete payment * * shall be conditioned upon any check * * being paid etc. and a bona fide remittance made to cover such payment." Presumptively the parties acted under such contract. Nothing is shown here raising a contrary issue. We are of the opinion that the trial court properly instructed a verdict for the insurer. Cases relied on here by the beneficiary differ materially and obviously in their facts from the present case.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court March 23, 1938.