## NATIONAL AID LIFE ASS'N v. HORNE et al.

### No. 3544

Court of Civil Appeals of Texas. Beaumont.

Nov. 29, 1939.

For former opinion, see 133 S.W.2d 981.

Wilcox & Wood, of Georgetown, for appellant.

Ramsey & Ramsey, of San Augustine, for appellees.

WALKER, Chief Justice.

■ Appellant assigns error against our conclusion that the amount in controversy was within the jurisdiction of the county court. True, appellees prayed judgment for attorneys fees and damages in the sum of $470 in addition to a prayer for damages in the sum of $1000 as the principal coverage of the policy. But, on the allegations of the petition, it affirmatively appeared that appellees had no cause of action for the attorneys fees and damages as plead. However, in view of appellant's assignment, we file this opinion on the errors brought forward in the brief.

On the 15th day of June, 1934, appellant, National Aid Life Association, issued to Mrs. Mattie Conn a policy of life insurance not to exceed $1,000, in which appellee, Mrs. Bessie Horne, was named beneficiary. The monthly assessment of the policy was $3, "due and payable at the office of the defendant on the first day of each and every calendar month and a grace period of fifteen days within which to make such payment." Appellant's office was in Oklahoma City, Oklahoma. Default was made in the January, 1938, assessment. On February 1, 1938, the insured attempted to pay the January and February assessment. The payment was refused, and appellant declared a forfeiture. The insured died the 23rd day of March, 1938. Appellees' cause of action was on the policy. Appellant plead in defense the default in the payment of the assessment due on January 1st and the forfeiture declared by it thereon. On trial to a court without a jury, as stated in the original opinion, judgment was rendered for appellees against appellant for the sum of $529.71;

the appeal was regularly prosecuted to this court.

■ The evidence supports the judgment of the lower court. For the purposes of this opinion, we accept appellant's statement that the assessment for January, 1938, was due January 1, 1938, but by reason of the "grace" the insured had the right to pay the assessment at any time before the end of the month, and that the assessment was not paid during the month of January. However, by its conduct in relation to the payment of the assessment, it is our conclusion that appellant is estopped to claim forfeiture. On January 11, 1938, the insured, as was her custom in paying her assessments, mailed appellant at its home office a check for $3 on the Commercial State Bank of San Augustine in payment of the January assessment. The check was received by appellee and on the 14th day of January, deposited for collection in its Oklahoma City bank, and regularly forwarded to San Augustine. Payment was refused by the San Augustine bank and the check returned to appellant at its home office. On the 25th day of January appellant was notified that the check had not been paid. On the 26th day of January appellant wrote the insured the following letter:

"Your check as above described has been returned by the bank upon which it was drawn, unpaid.

"This check was tendered this Association in payment on your insurance contract listed below, and since the check has been returned unpaid, your insurance will lapse unless payment is mailed on or before the last day of this month, and received by us.

"May we impress upon you the importance of giving this your immediate attention, because as above indicated, any delay may cause your insurance to lapse?"

Appellant's letter was not received by the insured until late in the evening of January 31st, too late to mail a reply to appellant on that date—at a time when the mail did not leave San Augustine until the next day. On the 1st day of February, 1938, the insured wrote appellant the following letter, enclosing payment for the January and February assessments:

"2-1-38

"National Aid Life Association

"I, me sorry about January Check. But it was my mistake I never noticed it being own Commercial Bank and I have mooved and nevery received your letter until last night. My address is San Augustine Texas Rt. 1.

"Mattie Conn

"P. S. I, Me also sending Feb. Payment."

On the 5th day of February, 1938, appellant replied, refusing to accept the payment. The insured died before the controversy was adjusted.

The insured by mistake wrote her check on the Commercial State Bank of San Augustine, in which she had no deposit; in fact, she had a deposit in a different San Augustine bank to cover this assessment, and it was her intention to write the check on this other bank. Though, on the 26th day of January, under appellant's construction of the contract, the insured had only five days in which to pay her assessment, its letter of the 26th was an invitation to mail her check in payment. By the letter, appellant impressed upon the insured "the importance" of giving its letter immediate attention. That language could mean only that, on receipt of the letter, the insured was given the right to answer it. The letter was received on the 31st day of January, the very last day of the month, and at the first possible moment she answered it after its receipt. In writing the letter and the invitation to the insured to make her reply, appellant assumed the risk of ordinary delays incurred in the delivery of the mail.

On the time element involved, it appears that the insured mailed her check, with the covering letter, on the 1st day of February; appellant did not mail its reply until the 5th day of February. On the important correspondence declaring a forfeiture of the insurance contract, appellant wrote its letter on the 26th of January, and the insured replied on the 1st day of February. On this statement appellant cannot complain of the delay in the delivery of its letter to the insured, returning the check.

■ Appellant complains that the judgment was excessive: (a) To the extent of $12; (b) in the alternative to the extent of $3. As we understand the record, this point was not called to the attention of the trial court. We overrule the assignment on the maxim de minimis non curat lex. We pretermit a discussion of appellees' other counter propositions in support of the judgment.

The judgment of the lower court is affirmed.