NATIONAL AID LIFE ASSOCIATION V. BESSIE HORNE ET VIR.

No. 7707. Decided November 19, 1941.
(155 S. W., 2d Series, 910.)

*Wilcox & Wood*, of Georgetown, for plaintiff in error.

An estoppel cannot be predicated upon the letter written the 26th day of January (January 31st being the last day on which premium could be paid under the terms of the policy) where the evidence showed that the plaintiff was not misled to her prejudice by the letter, or that she was induced by the letter to change her position to her injury by relying thereon.

This is especially true because all the evidence shows that insured's conduct throughout the grace period would have been the same whether the letter was written or not. Love v. Barber, 17 Texas 312; Fitch v. Lomax, 16 S. W. (2d) 530; 43 Tex. Jur. 893.

*Ramsey & Ramsey,* of San Augustine, for defendants in error.

Defendant's letter to the insured dated January 26, 1938, was a waiver of the provisions of the policy applicable to the terms of payment of premiums, because the defendant agreed in the letter to accept payment of said premium if it was mailed on the last day of January, and insured was thereby given a reasonable time after the receipt of such letter within which to comply with the provisions thereof. Equitable Life Assur. Soc. v. Ellis, 105 Texas 526, 147 S. W. 1152; Kansas City Life Ins. Co. v. Elmore, 226 S. W. 709; Alamo Health & Acc. Ins. Co. v. Cardwell, 67 S. W. (2d) 337.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a suit on a life insurance policy, and the only material question to be determined in whether the insurance association waived the timely payment of the monthly premium. The monthly premium was due on January 1, 1938, and was payable at the home office of the association, but under the grace period of the contract the insured had all of the month of January in which to pay same. On or about January 11th the insured caused a check, drawn on a San Augustine, Texas, bank for the amount of the premium, to be mailed to the association at its home office in Oklahoma City. The check was received by the association on January 14th and immediately deposited for collection. Through an error of the insured the check was drawn on the wrong bank, and as a result payment thereof was refused by the bank on January 24th. The check was returned by the bank to the insurance association on the afternoon of January 25th, and on January 26th the insurance association wrote insured as follows:

"Your check as above described has been returned by the bank upon which it was drawn, unpaid.

"This check was tendered this Association in payment of your insurance contract listed below, and since the check has

been returned unpaid, your insurance will lapse unless payment is mailed on or before the last day of this month, and received by us.

"May we impress upon you the importance of giving this your immediate attention, because as above indicated, any delay may cause your insurance to lapse?"

The letter was sent to insured's address at Bronson, Texas, but she had moved in the meantime to San Augustine, and as a result she did not receive the letter until late in the afternoon of January 31st. She did not undertake to remit for the premium that day, but on February 1st she did mail to the association a check for the premium. The association declined to accept the last check in payment of the premium because same was not tendered within the time provided for in the policy, and declared a forfeiture. The insured died March 23rd.

1 Very clearly, the depositing of the first check in the bank for collection by the insurance association did not constitute an acceptance of the same in payment for the premium, where payment of the check was afterwards refused by the bank upon which it was drawn. Texas Mutual Life Insurance Assn. v. Smartt, 131 Texas 227, 114 S. W. (2d) 528.

2 The Court of Civil Appeals held that by writing the letter of date January 26th the insurance association extended to the insured an invitation to reply by mail within a reasonable time, and that it thereby assumed the risk of delay in the mail, and since the insured replied within a reasonable time after receipt of the letter, the payment forwarded on February 1st was in time. See 135 S. W. (2d) 254. We are not in accord with this view. The first check failed as a medium of payment through the error of the insured in drawing it on the wrong bank, and without any fault on the part of the insurance association. Notice of non-payment was promptly mailed to the insured, but due to her error in failing to advise the association of the change of her address, and in failing to leave a forwarding address at the post office, she did not receive the letter until late in the afternoon of January 31st. This delay was due to no fault of the association. The letter from the association to the insured, of date January 26th, is not susceptible of the construction that the insured would have a *reasonable time* after receipt thereof in which to mail a check for the premium. It specifically states that "* * * your insurance will lapse

unless payment is mailed on or before the last day of this month, and received by us." It could hardly have been made any more certain that unless the check for the premium was mailed on or before January 31st the policy would lapse. There was, therefore, no waiver on the part of the insurance association of the timely payment of the premium, and as a consequence the policy lapsed because of the failure to pay same within the time provided for in the policy.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and judgment here rendered for the defendant.

Opinion delivered November 19, 1941.