## HUMPHRIES v. COLORADO LIFE CO.

### No. 4205.

Court of Civil Appeals of Texas. El Paso.

June 11, 1942.

Rehearing Denied Sept. 17, 1942.

J. D. Hall and Wilcox & Wood, all of Georgetown, for appellant.

Ike D. White and H. Grady Chandler, both of Austin (White, Taylor & Chandler, of Austin, of counsel), for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Williamson County in favor of the defendant in a trial before the Judge without a jury. Appellant, Mrs. Annie L. Humphries, sued the appellee, Colorado Life Company, seeking a judgment on a policy in the sum of $1,500 issued by appellee to her deceased husband on his life in favor of appellant.

Appellant's petition averred the payment of all premiums coming due on the policy and a compliance therewith by the insured and appellant. Appellee defended on the ground that the policy was not in force at the time of the death of the insured on account of failure to pay a, premium accruing thereon. Appellant pleaded waiver and estoppel.

After the adverse judgment appellee moved the court to file findings of fact and conclusions of law, and same were duly filed. Appellant filed exceptions thereto, and in her brief, to an extent, attacked same. The attack, however, is rather on the conclusions than the findings.

The testimony is practically undisputed. On the 12th day of January, 1935, appellee issued to Claude Humphries a policy of life insurance in the sum of $1,500, in which his wife, appellant here, was made beneficiary. As to the premiums, it was provided that same might be payable quarterly in advance, if insured elected so to pay same. The amount thereof was

$4.10 per quarter, and thirty days' grace period was allowed. The due date of the premiums commenced on January 12, 1935. It was further provided that failure to pay any premium when due or within thirty days thereafter should void the policy. There was a provision that after lapse for nonpayment of premiums the insured might reinstate same by furnishing insurer satisfactory evidence of insured's insurability and the payment of the premiums in default, with six per cent interest. All premiums up to the quarterly payment falling due on January 12, 1940 were paid by the insured in a manner satisfactory to the insurer, though some quarterly premiums were not paid in strict accord with the policy. The policy was in full force and effect on January 12, 1940 and for thirty days thereafter.

On February 6, 1940, insured wrote appellee requesting a thirty days' extension from February 12, 1940 for the payment of the premium of $4.10 due on January 12, 1940. Appellee replied on February 13, 1940 informing the insured the policy had lapsed for failure to pay the premium, in the same letter suggesting that he apply for reinstatement of the policy, and enclosed a blank application. On February 24, 1940 insured enclosed the executed application together with his check in the sum of $4.10. This check was post-dated March 20, 1940. Insured's letter enclosed with the check and application was as follows:

"Inclosed you will find my check for $4.10 dated March 20th.

"Please hold until that date for which it will pay my premium in full."

March 1, 1940 the appellee wrote insured as follows:

"Thank you for your application for reinstatement dated February 24, 1940. Also, we have your check for $4.10 postdated March 20, 1940. This check will be held in trust, subject to your order, pending consideration and final disposal of your application for reinstatement.

"If you can send us a check currently, Mr. Humphries, it will enable us to give immediate consideration to your application for reinstatement. However, if it should not be convenient to do so, we will postpone action on your application for reinstatement until March 20th, 1940, and at that time give it due consideration. If this should not be satisfactory to you, you will please let us know at once."

The insured did not reply to this letter.

March 21, 1940 appellee approved the application for reinstatement, endorsed the check and deposited same in a Denver Bank, and mailed to the insured the premium receipt. This receipt showed that "application dated 2/24/40 for reinstatement of this policy has been approved." It was stated on this receipt: "If remittance referred to on reverse side hereof was other than by legal tender; in other words, if said remittance was made by written instrument of any kind whatsoever, and said instrument be not duly paid in cash when due or when presented for payment, this receipt shall automatically become null, void, and of no effect."

The check was presented to the bank on which it was drawn on March 26, 1940, and payment was refused on the ground of lack of funds. In this bank, from November, 1939, to the date of his death, the insured had on deposit to his credit the sum of only 81 cents.

March 28, 1940, appellee mailed to insured a notice that the next quarterly premium will be due April 12, 1940.

April 10, 1940, appellee wrote assured in substance that the check had been dishonored and the policy had lapsed, suggesting that he make application for reinstatement. The dishonored check was enclosed in this letter. The letter was properly addressed, properly stamped and deposited in the mail.

April 27, 1940, insured died without the said sum of $4.10 ever having been paid.

On May 2, 1940, appellee wrote insured suggesting that he apply for reinstatement of the policy. On the date of this letter appellee evidently did not know the insured had died on April 27, 1940.

Appellant's first point of error is: "This case should be reversed and judgment rendered for appellant as prayed for by her because the undisputed evidence shows that the postdated check in question operated as payment of the premium for full quarter beginning January 12, 1940."

The trial court found: "I conclude from the foregoing evidence that the defendant did not unconditionally accept the postdated check of the insured, Humphries, of March 20th, 1940, for $4.10 in payment of the premium due on the policy herein involved on January 12, 1940, and that the

318

policy herein involved had lapsed on account of nonpayment of premium and was void on the date of the death of the insured, Claude Humphries, and that the defendant is not estopped or precluded from asserting the invalidity of said policy."

Appellant seeks to avoid the force and effect of the language of the receipt in substance that same was null and void if the payment was made by check unless the check was paid. Her theory is, the language referred to the receipt and not to the policy.

■ A receipt is ordinarily not an instrument effective as an act in law; it is only evidence of the fact it purports to attest and subject to dispute by parol. It evidences payment, but is not payment.

■ In our opinion, in the light of all of the surrounding facts, the condition was that the check received was payment only in the event that same was paid in due course, and that the policy was reinstated on that express condition.

In the case of Martin v. Illinois Bankers Life Ins. Co., Mo.App., 91 S.W.2d 646, a case which we shall mention later, the condition of acceptance of the check seems to have been provided for in the receipt acknowledging same. That there was a condition in the policy does not appear.

Assuming, for the purpose of this discussion only, that the letter of February 24, 1940, written by the insured to appellee, was offer of his post-dated check as an unconditional payment of the premium, appellee's letter of March 1, 1940, to the insured declines this offer. In that letter he is invited to tender a current check and his application would be immediately considered; otherwise, consideration would be postponed until March 20, 1940, the date of the check.

■ In our opinion the acceptance by appellee of the check on March 20, 1940 had the same legal effect as though the application and check had been tendered on March 20, 1940.

■ The unconditional acceptance of a post-dated check without reservation or condition as to its payment constitutes a payment of the due or overdue insurance premium.

The acceptance of a current check in payment of a premium is ordinarily regarded as only a conditional payment. Martin v. Illinois Bankers Life Assur. Co., Mo.App., 91 S.W.2d 646.

A long quotation is made in the opinion of our Supreme Court in its disposition of the case of Texas Mut. Life Ins. Ass'n v. Tolbert, Tex.Com.App., 116 S.W.2d 1060; Id., 134 Tex. 419, 136 S.W.2d 584.

■ The cases of Texas Mut. Life Ass'n v. Smartt, 131 Tex. 227, 114 S.W.2d 528, and Texas Mut. Life Ins. Ass'n v. Tolbert, supra, and Natl. Aid Life Ass'n v. Horne, 137 Tex. 597, 155 S.W.2d 910, support the conclusion that the mere presentation of a check which is dishonored does not constitute the payment of a premium.

In the first two cases cited, it is true, by the provisions of the by-laws, a check was accepted conditionally. Here, we think the insurer embodied the condition in the reinstatement receipt issued. There is to our mind little distinction. Here the application of the insurer under the policy was to reinstate upon satisfactory evidence of the insurability and the payment of the past-due premiums. Premiums were payable in cash, and where a check was tendered, certainly the insurer might make its future payment a condition of its receipt as payment.

■ Even where a note or post-dated check is given in payment of a premium the parties may stipulate that its effectiveness as a payment is conditional on its payment.

■ We cannot find in the evidence the elements of either waiver or estoppel. It is true that on several occasions the insurer accepted payment of premiums a day or two after same were due by the terms of the policy; on several occasions the policy was reinstated. The trial court found that there was neither estoppel nor waiver. To say the least, we do not think the evidence compels a finding of either. On evidence much stronger, in our opinion, than that here presented, the Supreme Court, in the case of Texas Mut. Life Ins. Ass'n v. Tolbert, supra, held the issue was not presented. So, likewise, in the case of Texas Mut. Life Ass'n v. Smartt, supra.

We can see no evidence of estoppel in the fact that on March 28, 1940 appellee notified insured that a premium would be due April 12, 1940. This was done before appellee had notice of the dishonor of the check for the premium due January 12, 1940.

The judgment of the trial court is in all things affirmed.

WALTHALL, J., not participating.