

# The Attorney General of Texas

April 16, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Jston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-522

Re:    Whether a justice of the peace
may accept personal checks in payment
of fines, costs and/or judgments

Dear Mr. Driscoll:

You ask several questions about the responsibilities of a justice of the peace in connection with the collection of fines, costs, and judgments.

A justice of the peace has authority to collect money payable under the Code of Criminal Procedure. Code Crim. Proc. art. 103.003. The code provides that all fines and other undertakings whereby a party becomes bound to pay the state "shall be collected in the lawful money of the United States only." Code Crim. Proc. art. 43.02 (emphasis added). Your first question is whether those statutes authorize a justice of the peace to accept a personal check in payment of fines, costs, and judgments payable to the state.

A check is not itself money. See Muldrow v. Texas Frozen Foods, 299 S.W.2d 275, 277-78 (Tex. 1957). A check is generally considered to be only conditional payment of an obligation, and mere delivery of a check does not discharge an obligation. Meaders v. Biskamp, 316 S.W.2d 75, 77 (Tex. 1958); Muldrow, 299 S.W.2d at 277. A check that is honored by a payee bank, however, results in the receipt of money. See Muldrow, 299 S.W.2d at 278. Therefore, under article 43.02 a justice of the peace may accept a personal check as conditional payment of fines, costs or judgments even though the check itself is not money.

We note, however, that a public official is not bound to accept a check. Muldrow, 299 S.W.2d at 278. Also, because delivery of a check does not discharge a debt, a defendant is not discharged from payment of fines and costs if his check is returned unpaid. See Code Crim. Proc. art. 43.01 (defendant is discharged from costs and fines when they are fully paid).

Your second question is:

May a justice of the peace discharge his liability for the acceptance of a worthless check in

> payment for fines, costs and judgments and for the issuance of his official receipt by using due diligence to collect same?

Justices of the peace are accountable for fines they impose and judgments they render, and they must use due diligence in collecting such fines and judgments:

> Fines imposed and judgments rendered by justices of the peace shall be charged against the justice imposing or rendering the same. He may discharge indebtedness by filing with the county clerk the treasurer's receipt for the amount thereof, or by showing to the satisfaction of the commissioners court that he has used due diligence to collect the same without avail, or that the same have been satisfied by imprisonment or labor.

V.T.C.S. art. 1619. Your question seems to suggest that a justice of the peace incurs a liability other than his liability under article 1619 if he accepts a check that is not honored. This is not so. As far as his own accountability is concerned, a justice of the peace is in the same position after he accepts a worthless check from a defendant as he is when he has received nothing from the defendant. His liability stems from article 1619, not from his acceptance of a check. In order to discharge his liability under article 1619 a justice of the peace must issue "any and all writs allowed by law to enforce collection" of fines and judgments. See Attorney General Opinions JM-517 (1986); O-6740 (1945).

Your question also indicates concern about the effect of giving a defendant a receipt for a check that is later dishonored. A receipt merely signifies that the party giving the receipt has received the article mentioned in the receipt. State v. Watkins, 87 S.W.2d 184, 188 (Mo. 1935). It is nothing more than evidence that something was received, and it is subject to dispute by parol evidence. Humphries v. Colorado Life Co., 170 S.W.2d 315, 318 (Tex. Civ. App. - El Paso 1942, writ ref'd). Your question assumes that a justice of the peace becomes liable for payment of a check simply because he gives a receipt for the check. You offer and we find no basis for that assumption. Again, the liability of a justice of the peace for payment of a fine is the liability provided for in article 1619. Article 1619 does not make a justice of the peace a guarantor of a check he accepts. See Muldrow, 299 S.W.2d at 278 (when check for taxes is returned unpaid, secretary of state should cancel record of payment and take further steps to collect taxes). Of course, to avoid disputes over whether payment was in fact made, it would be wise for an official giving a receipt for a check to note on the receipt that it is for a check and that the check does not discharge an obligation unless it is paid in full.

Your final question is whether article 1656a, V.T.C.S., gives the Harris County Auditor authority to prohibit a justice of the peace from accepting personal checks. Article 1656a provides:

The County Auditor in counties having a population of one hundred ninety thousand (190,000) or more according to the last preceding or any future Federal Census shall prescribe the system of accounting for the county and the forms to be used by the District Clerk, the District Attorney and all county and precinct officers and by all persons in the collection and disbursement of county revenues, funds, fees, and all other moneys collected in an official capacity whether belonging to the county, its subdivisions or precincts, or to, or for the use or benefit of, any person, firm, or corporation; he shall prescribe the mode and manner in which the District Clerk, the District Attorney and all county and precinct officers shall keep their accounts, and he shall have the power to require all officers to furnish monthly, annual, or other reports under oath of all moneys, taxes, or fees of every nature received, disbursed, or remaining on hand; and in connection with such reports he shall have the right to count the cash on hand with such officer, or to verify the amount on deposit in the bank in which such officer may have placed the same for safekeeping. He shall have the power to adopt and enforce such regulations not inconsistent with the Constitution and laws as he may deem essential to the speedy and proper collection and checking of, and accounting for, the revenues and other funds and fees belonging to the county or to any person, firm, or corporation for whom any of said officers may have made collections, or for whose use or benefit they may have received or may hold such funds. All of the fees, commissions, funds, and moneys herein referred to shall be turned over to the County Treasurer by such officer as collected, and such money shall be deposited in the county depository in a special fund to the credit of such officer and draw interest for the benefit of the county, which funds, when so deposited in such depository, shall be secured by the bond of such depository. Thereafter the officer may draw checks on the County Treasurer to disburse said funds in the payment of salaries and expenses authorized by law or in payment to the county or to the persons, firms, or corporations to whom said funds may belong. The Treasurer and the depository shall make no payment unless such check is countersigned by the County

> Auditor. The deposit of funds in the County Treasury shall not in any wise change the ownership of any fund so deposited except to indemnify said officer and his bondsmen or other owners of such funds for such funds during the period of deposit with the county. At the close of any fiscal year or accounting period now or hereafter fixed by law, the County Auditor shall audit, adjust, and settle the accounts of such officer. In the event the County Auditor shall be unable to obtain proper reports or an adequate accounting from any District Attorney, District Clerk, county or precinct officer as herein provided, either during or after his term of office, the County Auditor shall have authority to enforce an accounting thereof, and to take such steps at the expense of the county as are necessary in his judgment to protect the interests of the county or of the persons, firms, or corporations entitled to such funds. (Emphasis added).

We conclude that the Harris County Auditor does not have the authority to prohibit justices of the peace from accepting checks. Article 1656a does not permit a county auditor to make rules contrary to law, and the Texas Supreme Court has held that a public official may accept a check as conditional payment for an obligation that is statutorily required to be paid in money. Muldrow v. Texas Frozen Foods, 299 S.W.2d 275 (Tex. 1957). Also, we think that the duties and obligations of a county auditor under article 1656a concern record-keeping and handling of funds. We do not think that a prohibition on the acceptance of checks is within that grant of authority.

### S U M M A R Y

> Under article 43.02 of the Code of Criminal Procedure, a justice of the peace may, but is not required to, accept a check in payment of fines, costs, and judgments. When a justice of the peace imposes a fine, he is liable for the amount of the fine. He may satisfy that liability by issuing any writs available to enforce the judgment. The Harris County Auditor may not prohibit county and precinct officers from accepting checks.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General